## TREO CO. v. JOHNSON et al.

(Circuit Court of Appeals, Sixth Circuit. November 6, 1918.)

No. 3156.

PATENTS ⬦328—INFRINGEMENT—CORSET.
    Letters patent No. 1,104,664, described as a "low corset," *held* not infringed, where claims in issue were closely limited, as they should be, to the full equivalents of the specific device which they, in connection with the specifications and drawings, describe.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Howard C. Hollister, Judge.

Suit by the Treo Company against Edward Johnson and another, copartners trading as the Uprite Manufacturing Company. Bill dismissed (260 Fed. 409), and complainant appeals. Affirmed.

Victor D. Borst, of New York City, for appellant.
Alfred M. Allen, of Cincinnati, Ohio, for appellees.

Before WARRINGTON and KNAPPEN, Circuit Judges, and McCALL, District Judge.

PER CURIAM. Appeal from decree adjudging appellant to be the owner of patent No. 1,104,664, granted to Guggenheim July 21, 1914, and of all claims made for its infringement, also adjudging the patent to be valid, and not infringed, and dismissing the bill.

We approve the holdings of the District Judge and in substance for the reasons stated in his opinion. The specification states that the device invented consists of "improvements in supporting belts," is designed "to be worn around the body at the region of the waist for the purpose of sustaining or preserving the natural shape of the figure," and "is of considerable width and therefore partakes of the nature of a waist or corset." The only two claims allowed are in issue and are identical, except that the second one contains a provision for hose supporters which is not here important; aside from that provision each claim is as follows:

"A low corset, consisting of a flat body portion whose upper and lower edges are substantially parallel and unshaped to the figure of the wearer, said body portion being elastic in a longitudinal direction and provided in the upper portion and at substantially the waist line with a zone of elastic, but less yielding, nature than the remainder of the body portion for the purpose set forth."

In order to secure the patent, applicant was required in the Patent Office to make numerous changes both as to specification and claims. The original specification and the four accompanying claims were rejected. Applicant canceled them and presented a new specification with two claims. The four original claims alike called for a "supporting belt or band," and the two substituted claims for a "supporting belt." The examiner made a number of objections to the new specification and re-

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

jected both of the claims; applicant then amended his second specification, canceled the two claims filed with it, and introduced two new claims. These last claims called for a "low corset," instead of a supporting belt. The second of these last claims was rejected upon a recently discovered reference, and applicant canceled both claims and substituted the two now in suit.

As to the effects of these changes, it is enough for the present case to call attention to one phase of alteration made in the claims: According to all four of the rejected original claims, while the entire "supporting belt or band" was "elastic in the direction of its length," it was designed to have a narrow and more rigid elastic portion "extending lengthwise thereof"; but as regards the width of the belt the location of this rigid portion was not fixed in the first, third, or fourth claim, though in the second one its location was required to be "intermediate of its [the belt's] upper and lower edges," and this was in accordance with the drawings, since no change appears to have been exacted in respect of them; in other words, the first, third, and fourth, though not the second, of those claims would have permitted the rigid portion to be located, even at the upper edge of the belt. This rigid portion is found in the "zone of elastic, but less yielding, nature than the remainder of the body portion" of the "low corset" described in the claims already quoted as those here in suit; and we think it plain that this zone could not be rightfully placed at the upper edge of the corset, since that would be to accord to the present claims a breadth equal to that of claims distinctly surrendered in the Patent Office. Further, the claims in suit, when read in connection with the specification and drawings, as also distinct evidence offered at the trial, show that a substantial portion of the corset is to be placed and maintained above its waist line; indeed, the specification in substance states that the "compression" of the corset upon the larger parts of the body, above as well as below the waist line, is designed to "round out" the figure.

We are thus constrained to hold that the claims in issue must be closely limited to the full equivalents of the specific device which they, in connection with the specification and drawings, describe, and that under this interpretation the charge of infringement is not sustained. The alleged infringing devices do not provide for any extension above the waist line.

Decree affirmed.